UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARDI GRASPRODUCTIONS, INC;** : | **DOCKET NO.:** |
| **MGP PROPERTIES, LLC; MGP PROPERTY** : | |
| **LEASING, LLC; PAPER DOLL LAND,** : | |
| **COMPANY, LLC; BKJ HOLDING, LLC** : | |
| : | |
| **VERSUS** : | **JUDGE:** |
| : | |
| **CERTAIN UNDERWRITERS AT** : | |
| **LLOYD'S, LONDON** : | **MAGISTRATE** |

## COMPLAINT FOR DAMAGES

Now COMES Plaintiffs, **MARDI GRAS PRODUCTIONS, INC; MGP PROPERTIES, LLC; MGP PROPERTY LEASING, LLC; PAPER DOLL LAND COMPANY, LLC; AND BKJ HOLDING, LLC** who, through undersigned counsel, respectfully represents that:

### PARTIES

1. Made Plaintiff herein is **MARDI GRAS PRODUCTIONS, INC** ("Plaintiff"), a Louisiana corporation, whose principal place of business is located at 1201 Annunciation Street, New Orleans, LA 70130 in the Parish of Orleans, State of Louisiana. The sole member of Mardi Gras Productions, Inc., Blaine Kern, Jr., is a citizen of Louisiana.

2. Made Plaintiff herein is **MGP Properties, LLC** ("Plaintiff"), a Louisiana limited liability company, whose principal place of business is located at 1201 Annunciation Street, New Orleans, LA 70130 in the Parish of Orleans, State of Louisiana. The members of MGP Properties, LLC, Blaine Kern, Jr. and Tammy C. Kern, are citizens of Louisiana.

3. Made Plaintiff herein is **MGP Property Leasing, LLC**, a Louisiana limited liability company, whose principal place of business is located at 1201 Annunciation Street, New Orleans,

LA 70130 in the Parish of Orleans, State of Louisiana. The members of MGP Property Leasing, LLC, Blaine Kern, Jr. and Tammy C. Kern, are citizens of Louisiana.

4. Made Plaintiff herein is **Paper Doll Land Company, LLC**, a Louisiana limited liability company, whose principal place of business is located at 1201 Annunciation Street, New Orleans, LA 70130 in the Parish of Orleans, State of Louisiana. The members of Paper Doll Land Company, LLC, Blaine Kern, Jr. and Tammy C. Kern, are citizens of Louisiana.

5. Made Plaintiff herein is **BKJ Holding, LLC**, a Louisiana limited liability company, whose principal place of business is located at 1201 Annunciation Street, New Orleans, LA 70130 in the Parish of Orleans, State of Louisiana. The members of BKJ Holding, LLC, Blaine Kern, Jr. and Tammy C. Kern, are citizens of Louisiana.

6. Made defendant herein is **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** ("Defendant"), a foreign insurer incorporated under the laws of the State of New York with a principal place of business at 280 Park Avenue, East Tower, 25th Floor, New York, NY 10017. Defendant is authorized to transact business and issue policies in the State of Louisiana. Defendant may be served with process through Lloyd's America, Inc at 280 Park Avenue, East Tower, 25th Floor, New York, NY 10017.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between Plaintiff and Defendant.

8. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

9. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Judicial District

and/or a substantial part of the property that is the subject of the action is situated in the Parish of Orleans, located in the Eastern District of Louisiana.

10. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana-based entities and consumers.

11. This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff is, therefore, entitled to bring this action in this Court.

## FACTUAL BACKGROUND

12. Plaintiff contracted with Defendant to insure the properties located at 1201-1203 Annunciation Street, New Orleans, Louisiana 70130, and 1209-1211 Annunciation Street, New Orleans, Louisiana 70130 (hereinafter "insured premises").

13. The insured premises is the primary production facility for Mardi Gras Productions Inc., owned and operated by Plaintiff.

14. The insured premises is covered under a policy issued by Defendant with a policy number believed to be No. 695327 (hereinafter "the policy"). The policy was in full effect during the period of December 31, 2020 to December 31, 2021. Defendant assessed the risk and provided Replacement Cost Value coverage following their evaluation of the property and business.

15. Plaintiff paid all premiums associated with the policy when due in a timely manner and without delay.

16. Plaintiff entered into the contract of insurance with the reasonable expectation that in return for the premium payment, Defendant would abide by the terms of their policy and pay for any covered losses that may occur.

17. On August 29, 2021, while the policy was in full force and effect, the Insured Premises sustained significant damages resulting from Hurricane Ida, a major category-four storm.

18. Devastating winds, wind-driven rain, and a life-threatening storm surge lasted for several hours as the hurricane passed over Baton Rouge, Louisiana.

19. Hurricane Ida damaged the Greater New Orleans Metropolitan Area and Southeast Louisiana area, including shredding the power grid and thousands of structures.

20. As a proximate result of Hurricane Ida, the Insured Premises suffered extensive damage, particularly to its structure and contents.

21. Plaintiff provided timely and proper notice to Defendant of the claim.

22. In compliance with the policy, Plaintiff began mitigating the loss as soon as possible.

23. Plaintiff is entitled to recover all benefits due under the policy resulting from the hurricane damage to the insured premises, including, but not limited to, the structural loss, recoverable depreciation, business interruption and or loss of use expenses, and personal property.

24. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. Stat. Ann. §22:1892(A)(3).

25. Louisiana law provides claims handling timelines that are strictly construed.

26. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proof of loss of that claim.

27. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000,

whichever is greater. If partial tender payment is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

28. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

29. In addition to any general or specific damages to which the insured is entitled, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

30. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

31. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

32. In compliance with their duties, Plaintiff has cooperated with Defendant and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

33. Upon information and belief, Defendant hired Specialty Adjusting International to adjust the claim for the insured premises. Mr. Mark Buggica of Specialty Adjusting International inspected the property on September 24, 2021.

34. Inexplicably no tender for the undisputed damages was made until November 2, 2021, forty (40) days after the initial inspection.

35. Defendant has made a tender in the amount of $155,499.64 for the damage sustained from Hurricane Ida. An additional tender in the amount of $36,853.89 was made on December 1, 2021. These late tenders are still significantly below any reasonable estimate for the damage sustained to the insured premises.

36. Defendant and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

37. The proof of loss submissions provided satisfactory proof of loss in so far as it contained all Plaintiff's investigation of the claim and sufficient information providing the extent of the loss to allow Defendant to make a determination on the loss, particularly the building coverage.

38. Despite the numerous reports and pictures detailing the loss, Defendant has failed to timely and reasonably adjust the loss.

39. Despite Defendant's failure to timely pay the evidenced loss, Plaintiff has continued to work with Defendant and their consultants to ensure compliance with their duties under the policy. This cooperation in no way waives Defendant's duties under the law.

## CAUSES OF ACTION

40. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

## BREACH OF CONTRACT

41. Defendant breached the terms of the policy when it unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Louisiana law by failing to pay for all benefits due to Plaintiff.

42. This breach of the insurance contract was and is the direct and proximate cause of damage to Plaintiff for the repair of Plaintiff's insured property with like kind and quality material as existed at the time the hurricane occurred.

43. By virtue of the breach of contract, Defendant is liable to and owes Plaintiff for the actual damages sustained as foreseeable and a direct result of the breach and all other damages Plaintiff may prove as allowed by the law.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

44. Defendant received satisfactory proof of the loss indicating the insurance benefits due to Plaintiff but failed to timely investigate and settle the loss. Failure to make such payment within thirty days was arbitrary, capricious, and without probable cause, subjecting Defendant to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. Stat. Ann. §22:1892.

45. Defendant failed to provide Plaintiff a copy of the field adjuster report, relative to the Plaintiff's property damage claim, to the Plaintiff within fifteen days of receiving a request for such from the Plaintiff in violation of La. Stat. Ann. §22:1892(A)(5).

46. In addition, Defendant owes Plaintiff an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on this claim within sixty days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting

Defendant to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. Stat. Ann. §22:1973.

## DAMAGES

47. As a result of the actions of the Defendant, Plaintiff has suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

   a. Repair and remediation expenses;

   b. Structural damages;

   c. Inability to make appropriate repairs due to inadequate insurance payments;

   d. Any and all other applicable damages arising under any of the policy's sub-coverage limits, including but not limited to debris removal and increased cost of construction;

   e. Loss of business income;

   f. Loss of general contents;

   g. Consequential damages;

   h. Diminution in value of property;

   i. Actual damages related to the increased cost of repairs;

   j. Attorney's fees and penalties; and

   k. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments.

## JURY DEMAND

48. Plaintiff affirmatively asserts that the damages sought herein exceed the minimum limits for a trial by jury.

49. Plaintiff requests a trial by jury on all issues so triable by a jury in this matter and reserves the right to supplement and amend this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs herein, **MARDI GRAS PRODUCTIONS, INC; MGP PROPERTIES, LLC; MGP PROPERTY LEASING, LLC; PAPER DOLL LAND COMPANY, LLC; AND BKJ HOLDING, LLC,** pray that this complaint be filed into the record that Defendant, **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** be cited to appear and answer same, and after due proceedings and a jury trial are had, there be judgment rendered in favor of Plaintiffs, and against Defendant, **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**, for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorney's fees, and all general and equitable relief available.

Respectfully Submitted,

GAUTHIER MURPHY & HOUGHTALING LLC

*s/ Austin T. Robert*

AUSTIN T. ROBERT, (39445) (T.A.)
SKYE S. FANTACI, (28241)
L. SCOTT JOANEN (21431)
KEVIN R. SLOAN, (34093)
3500 N. Hullen Street
Metairie, Louisiana, 70002
Telephone:   (504) 456-8625
Facsimile:   (504) 456-8624
Email:   scott@gmhatlaw.com
skye@gmhatlaw.com
kevin@gmhatlaw.com
austin@gmhatlaw.com

Attorneys for Plaintiff

**[SERVICE INSTRUCTIONS FOLLOW ON NEXT PAGE]**

**Please serve:**

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**

Lloyd's America, Inc.
Attention: Legal Department
280 Park Avenue
East Tower, 25th Floor
New York, NY 10017